UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Case No.:_____

TINA ALBRITTON, as Personal Representative
for the ESTATE OF DAVID ALBRITTON JR.,
and his survivors,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Tina Albritton, as the Personal Representative for the Estate of David Albritton Jr., and his survivors, files this Complaint under the Federal Tort Claims Act against Defendant, the United States of America, and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This is an action brought under the Federal Tort Claims Act (28 U.S.C. § 2671, et seq.) and 28 U.S.C. § 1346(b)(1) for personal injury and wrongful death arising out of the negligent or wrongful acts or omissions of employees, agents, apparent agents, servants or representatives of the United States Government while acting within the scope of their employment, agency, apparent agency, servitude or representative capacity.

2. This Court has jurisdiction pursuant to 28 U.S.C. §1346(b).

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 2671, et seq.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1402(b) as the acts and omissions forming the basis of these claims occurred in this District.

5. David Albritton Jr. ("Mr. Albritton") died on August 4, 2022, and was a veteran of United States Air Force and was eligible for medical benefits, including continuing medical treatment and case at a U.S. Department of Veterans Affairs medical facility.

6. Plaintiff, Tina Albritton, is the personal representative of the Estate of David Albritton Jr., pending in the Circuit Court of Marion County, Florida, Case No. 2023-0064-CP, is and was at all times relevant hereto a resident of Marion County, Florida.

7. At all times material, Tina Albritton was the wife of David Albritton Jr.

8. At all times material, Christopher David Albritton was the minor son of David Albritton Jr.

9. At all material times, Defendant, through its agency, the Department of Veterans Affairs, operated an outpatient health clinic in Lake City, Florida, which provided medical care, treatment and services through its agents, employees, physicians, specialists and nurse practitioners to patients in Columbia County, Florida.

10. All conditions precedent required of Plaintiff prior to bringing this action have occurred or have been met, including all statutory pre-suit notice and investigation requirements of the Federal Tort Claims Act, 28 U.S.C. § 2401 and 28 U.S.C. § 2675.

11. On November 3, 2022, Plaintiff filed its administrative claim based on the facts alleged herein for sums certain with the Office of General Counsel for the Department of Veterans Affairs.

12. On November 8, 2022, the Office of General Counsel for the Department of Veterans Affairs mailed the undersigned confirming receipt of Plaintiff's administrative claim.

13. More than six months have passed since Plaintiff's administrative claim was filed with the Office of General Counsel for the Department of Veterans Affairs. The Department of Veterans Affairs has not notified Plaintiff that there has been a final denial of its claim. The Department of Veterans Affairs' failure to make final disposition of Plaintiff's claim within six months of filing is deemed a final denial of the claim. *See* 28 U.S.C.S. § 2675(a).

## FACTS GIVING RISE TO CAUSE OF ACTION

14. On March 4, 2022, Mr. Albritton was admitted to the Lake City VA Community Living Center (the "VA Clinic") after suffering a stroke that left him with right-sided weakness and aphasia. Mr. Albritton was admitted for rehabilitation including physical therapy, occupational therapy, speech therapy, and kinesiotherapy.

15. Upon his admission, Mr. Albritton had a Morse Fall Assessment that resulted in a score of 60, indicating he was at high risk for falls. Fall precautions were ordered for Mr. Albritton including non-skid socks, bed locked in low position, and a call light within reach.

16. On March 8, 2022, Mr. Albritton suffered an unwitnessed fall in his room. Additional fall precautions were ordered for Mr. Albritton, which included placing a mat on the floor next to his bed, moving him to a room near the nursing station, and thirty-minute check-ups. As aa result, Mr. Albritton's Morse Fall Assessment rose to 75, indicating an increased risk for falls.

17. On March 22, 2022, Mr. Albritton suffered another fall in his room after sliding off the side of his bed while eating dinner. Again, additional fall precautions were ordered, including for him to be seated in a chair for his meals and that he not be permitted to sit on the side of his bed. Mr. Albritton's Morse Fall Assessment score increased to 90.

18. On April 4, 2022, Mr. Albritton fell for the third time – on this occasion from his wheelchair. He was found on the floor of his room. Yet again, additional fall precautions were ordered, including that Mr. Albritton be brought out of his room when sitting in a wheelchair and that he not be left in a wheelchair unattended.

19. On May 2, 2022, a nursing assistant for the VA Clinic, Janette Lynn Huff, left Mr. Albritton unattended in his room while he was in a wheelchair – violating the orders that he was not to be left alone in a wheelchair and to be brought out of his room when placed in the wheelchair.

20. While unattended in his wheelchair in his room on May 2, 2022, Mr. Albritton fell from the wheelchair. Ms. Huff's nursing note describing the incident states the following:

> [V]eteran was in his room watching the ion station on his tv. Call light was next to him. He was in his wheelchair. I had just finished taking vital signs on this hall. I asked if he needed to use the restroom. Or did he like to go to bed. He said, no no. [A]nother carepartner was on the hall with me. She was passing ice and snacks. We had just passed his room. We heard a loud thump. [B]oth of us said oh shit and ran into his room.

21. Ms. Huff found Mr. Albritton face down on the floor in his room, bleeding from lacerations over his right eyebrow and inside his mouth and with a tooth knocked out.

22. A rapid response team was called, and Mr. Albritton was transferred to the emergency room at the Lake City VA Medical Center. While in the emergency room, Mr. Albritton suffered from a seizure.

23. Mr. Albritton was diagnosed with a subdural hematoma and subarachnoid hemorrhage resulting from the fall.

24. On May 3, 2022, Mr. Albritton was transferred to Shands Hospital in Gainesville, Florida, and later to TimberRidge Center for rehabilitation, before finally returning home under hospice care.

25. Mr. Albritton passed away in his home due to his injuries on August 4, 2022.

26. Prior to the subject fall, Mr. Albritton was making steady gains in his rehabilitation. Following the fall and up to the time of his death, he steadily and progressively deteriorated.

27. The Marion County's medical examiner concluded in its report that "blunt head trauma due to fall" was a significant condition contributing to his death.

## COUNT I: NEGLIGENCE

28. Plaintiff adopts and realleges paragraphs 1 through 27 as if fully set forth herein.

29. Defendant, by and through its agents, apparent agents, employees, servants, representatives and contractors, had a duty to provide proper care to David Albritton Jr. with the level of care, skill and treatment that is recognized as acceptable and appropriate by similar, reasonably prudent health care providers.

30. Defendant, by and through its agents, apparent agents, employees, servants, representatives, contractors, and others for whom it was legally responsible, breached that duty to David Albritton Jr. by engaging in the following acts or omissions, all of which deviated from and fell below the accepted standards of medical care and treatment, causing injury to Mr. Albritton and significantly contributing to his injuries and death, including:

   a. By choosing not to adhere to the precautions and protocols ordered to prevent Mr. Albritton from suffering injuries from falls;

   b. By choosing to leave Mr. Albritton unattended in his wheelchair;

   c. By choosing to leave Mr. Albritton unattended in his room while he was in his wheelchair;

   d. By choosing not to adequately supervise and attend to Mr. Albritton given his extremely high fall risk;

   e. By choosing not to have in place appropriate policies and procedures for the prevention of falls;

   f. By choosing not to follow or enforce the applicable policies and procedures;

g. By choosing not to have an appropriate and safe system for the care of patients at risk for falls; and

h. By choosing not to provide and ensure appropriate care and treatment Mr. Albritton based upon his condition in March 2022.

31. The acts and omissions of the Defendant's agents, apparent agents, employees, servants, representatives and contractors, described in paragraph 30 above, were negligent and below the applicable standard of care for health care providers in Columbia County, Florida, and other similar medical communities, and were below the standard set forth in § 766.102, Fla. Stat., *i.e.*, below the level of care, skill, and treatment which, in light of all relevant surrounding circumstances, that is recognized as acceptable and appropriate by reasonably prudent and similar health care providers.

32. As a direct and proximate result of the negligence described in this Count, David Albritton Jr. suffered bodily injury, pain and suffering, aggravation of a pre-existing condition, disease or defect, expenses of hospitalization, medical and nursing care and treatment, and ultimately, death.

33. As a direct and proximate result of the negligence described in the Count, Plaintiff and the survivors are entitled to recover the following damages, in the past and in the future:

a. On behalf of the Estate of David Albritton Jr., damages for lost earnings, lost accumulations, medical expenses and funeral expenses which have become a charge against the Estate of David Albritton Jr. and/or were paid on behalf of David Albritton Jr.;

b. On behalf of the Estate of David Albritton Jr. for his surviving spouse, Tina Albritton, damages for mental pain and suffering from the date of Mr. Albritton's injury, lost support and services from the date of Mr. Albritton's injury to his death,

future loss of support and services from the date of Mr. Albritton's death, and loss of companionship and protection; and

c. On behalf of the Estate of David Albritton Jr. for his surviving minor son, Christopher David Albritton, damages for mental pain and suffering from the date of Mr. Albritton's injury, lost support and services from the date of Mr. Albritton's injury to his death, future loss of support and services from the date of Mr. Albritton's death, and lost parental companionship, instruction, and guidance.

## DEMAND FOR JURY TRIAL

34. Plaintiff hereby demands a trial by jury of all claims so triable.

WHEREFORE, Plaintiff, the Estate of David Albritton Jr., demands judgment against Defendant for compensatory damages, together with the costs of this action, interest, reasonable attorney's fees and such other relief as this Court deems just and proper.

Dated: May 12, 2023.                                        Respectfully submitted,

**DAMIAN VALORI CULMO**
*Counsel for Plaintiff*
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone:   (305) 371-3960
Facsimile:    (305) 371-3965

By: */s/ Thomas A. Culmo*
    Thomas A. Culmo, Esq.
    Florida Bar No. 775479
    Email: tom@culmolaw.com
    Connor D. Healey, Esq.
    Florida Bar No. 1030797
    Email: chealey@dvllp.com